**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-2346

CLEAR CREEK CONSULTING, INC.

    Plaintiff,

v.

ELIZABETH BRYANT
ELISA DJAB BURCHINOW
JUDY L. GRAFF
SAMANTHA HALLIBURTON
PATSY LEON
CHERYL MARTINEZ-GLORIA
ANTHONY PEREA
JOHN K. PRIDDY, and
CHARLES SPENCE,

In their official capacities as members
of the Unauthorized Practice of Law Committee
of the Supreme Court of the State of Colorado

    Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Clear Creek Consulting, Inc. for its complaint against defendants Elizabeth Bryant, Elisa Djab Burchinow, Judy L. Graff, Samantha Halliburton, Patsy Leon, Cheryl Martinez-Gloria, Anthony Perea, John K. Priddy, Charles Spence, in their official capacities states as follows:

**PARTIES**

1. Plaintiff Clear Creek Consulting, Inc. ("**Clear Creek**") is a corporation organized and existing under the laws of the State of Colorado and has its principal place of business in Colorado.

2. Defendant Elizabeth Bryant is an individual and a resident of the State of Colorado.

3. Defendant Elisa Djab Burchinow is an individual and resident of the State of Colorado.

4. Defendant Judy L. Graff is an individual and a resident of the State of Colorado.

5. Defendant Samantha Halliburton is an individual and a resident of the State of Colorado.

6. Defendant Patsy Leon is an individual and a resident of the State of Colorado.

7. Defendant Cheryl Martinez-Gloria is an individual and a resident of the State of Colorado.

8. Defendant Anthony Perea is an individual and a resident of the State of Colorado.

9. Defendant John K. Priddy is an individual and a resident of the State of Colorado.

10. Defendant Charles Spence is an individual and a resident of the State of Colorado.

11. The foregoing defendants are collectively referred to herein as the "**Defendants.**"

12. The Defendants are the nine members of the Unauthorized Practice of Law Committee (the "**UPL Committee**") of the Supreme Court of the State of Colorado established pursuant to Rule 229 of the Colorado Rules of Civil Procedure ("**C.R.C.P.**"). Pursuant to Rule 230 of the C.R.C.P., the UPL Committee has jurisdiction over complaints and reports alleging

the unauthorized practice of law. The UPL Committee investigates complaints and reports regarding the alleged unauthorized practice of law through the Office of Attorney Regulation Counsel ("**OARC**"). Under Rule 231 of the C.R.C.P., after conducting an investigation regarding the alleged unauthorized practice of law, the OARC submits a report and recommendation to the UPL Committee. The UPL Committee has the power and authority to decide what, if any, action to take. Among other actions, the UPL Committee may commence civil injunction proceedings as provided in C.R.C.P. 234 to 237. If the UPL Committee decides to commence civil proceedings, the matter is eventually decided by the Colorado Supreme Court, which may enter an order enjoining the respondent from further conduct found to constitute the unauthorized practice of law and may make such further orders as it may deem appropriate, including restitution and the assessment of costs.

13. The Defendants are being sued in their official capacities as members of the UPL Committee.

**JURISDICTION AND VENUE**

14. This Court has original jurisdiction under 28 U.S.C. § 1331 as it is a civil action arising under the laws of the United States. Notwithstanding the Eleventh Amendment to the Constitution, under *Ex parte Young*, 209 U.S. 123, 157–159 (1908), this Court has equitable jurisdiction to enjoin the Defendants, in their official capacities, from enforcing state laws that are preempted by federal law and from interfering with Clear Creek's federal rights.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) (1) and (2) because all of the Defendants are residents of the State in which this district is located and a

substantial part of the events or omissions giving rise to Clear Creek's claims occurred in this district.

## NATURE OF THIS ACTION

16. This action seeks declaratory relief pursuant to 28 U.S.C. § 2201 and injunctive relief pursuant to the Court's inherent equitable powers and pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

### Clear Creek and the Tax Resolution Industry under Regulation by the IRS

17. Clear Creek is a tax resolution firm that represents taxpayers throughout the United States, principally in connection with tax disputes with the Internal Revenue Service ("**IRS**").

18. The IRS is a bureau of the United States Department of Treasury and is under the immediate direction of the Commissioner of Internal Revenue. The IRS is responsible for collecting taxes and the administration of the Internal Revenue Code, 26 U.S.C. §§ 1, *et seq*.

19. A typical situation in which Clear Creek would represent a taxpayer before the IRS is when the IRS files a federal tax lien against a taxpayer's property for nonpayment of taxes. The taxpayer would engage Clear Creek as its representative, and Clear Creek, on behalf of the taxpayer, would attempt to negotiate a resolution of the tax liability that might involve a waiver of penalties and interest, a payment plan for paying off past due taxes over time, or an "offer in compromise" under which the taxpayer would settle its tax debt for less than the full amount owed.

20. Clear Creek has been representing taxpayers before the IRS since its formation on January 1, 2004. Over the past 12 years, Clear Creek and its business has grown. Currently, Clear Creek has a total of approximately 120 employees.

21. Clear Creek is one of many tax resolution firms throughout the country. Like Clear Creek, many of the other tax resolution firms are based in Colorado. Virtually all tax resolution firms, including Clear Creek, employ the same business model and represent taxpayers before the IRS through either attorneys, certified public accountants ("**CPAs**"), "enrolled agents," or a combination thereof. An enrolled agent is an individual who is authorized to represent taxpayers before the IRS by either passing an examination or through experience as a former IRS employee. For a variety of reasons, Clear Creek has employed attorneys rather than CPAs or enrolled agents to represent taxpayers before the IRS.

22. In the context of federal tax services, courts have held that Congress explicitly "granted to the Secretary [of the Treasury] the right to regulate the practice of representatives of persons before the Department of the Treasury." *See, e.g., Wright v. Everson*, 543 F.3d 649, 655 (11th Cir. 2008) (recognizing that Congress expressly authorized federal regulation of practice before the IRS).

23. The representation of taxpayers before the IRS is governed by 31 U.S.C. § 330 and 31 C.F.R. Part 10 ("**Circular 230**"). Pursuant to 31 U.S.C. § 330, the Secretary of the Treasury "may regulate the practice of representatives of persons before the Department of Treasury." In accordance therewith, Circular 230, which bears the title, "Regulations Governing Practice before the Internal Revenue Service," allows attorneys, CPAs, enrolled agents, and certain others, who are "not currently under suspension or disbarment from practice before the

[IRS]" to "practice before the [IRS]" by "preparing documents, filing documents, corresponding and communicating with the [IRS], rendering written advice with respect to any … arrangement having a potential for tax avoidance or evasion, and representing a client at conferences, hearings and meetings." Sections 10.3(a); 10.2(a)(4). Circular 230 allows the following categories of individuals, among others, to practice before the IRS: attorneys, CPAs, enrolled agents, enrolled actuaries, enrolled retirement plan agents, and registered tax return preparers. Section 10.3(a)-(f).

24. Section 10.32 of Circular No. 230 provides, "Nothing in the regulations in this part may be construed as authorizing persons not members of the bar to practice law." Because CPAs, enrolled agents and other individuals who are not attorneys are authorized to practice before the IRS, pursuant to Circular 230, a regulation promulgated by the Secretary of the Treasury under the authority granted by 31 U.S.C. § 330, the representation of taxpayers before the IRS is not the practice of law. Even if it were, it would be the authorized practice of law.

25. Clear Creek's Client Services Agreement expressly advises clients that the attorneys who work for Clear Creek represent taxpayers before the IRS pursuant to Circular 230.

26. A taxpayer authorizes a representative to represent it before the IRS as an attorney-in-fact by completing and signing an IRS Form 2848. The taxpayer's representative, whether that person is an attorney, a CPA, enrolled agent, or even a "family member" (which includes a spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister), must also complete and sign the Form 2848.

27. Section 5b of Form 2848 states that the taxpayer does not authorize its representative to endorse or otherwise negotiate any check issued by the government with

respect to a federal tax liability into an account owned or controlled by the representative "or any firm or other entity with whom the representative(s) (are) is associated." Thus, Form 2848 expressly acknowledges that taxpayer representatives, including attorneys, who practice before the IRS under Circular 230 may be associated with a firm or other entity.

28. Similarly, IRS Publication 947, entitled "Practice Before the IRS and Power of Attorney," includes the following statement: "**Negotiation of taxpayer refund checks.** Individuals subject to Circular 230 may not endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the practitioner or any firm or other entity with whom the practitioner is associated) issued to a client by the government in respect of a Federal tax liability." Thus, Publication 947 also acknowledges that taxpayer representatives, including attorneys, who practice before the IRS under Circular 230 may be associated with a firm or other entity.

29. The firms or other entities referred to in Form 2848 and Publication 947 include tax resolution firms such as Clear Creek.

30. "Tax professionals" who practice before the IRS pursuant to Circular 230, including attorneys, CPAs, and enrolled agents, are regulated and disciplined by the IRS' Office of Professional Responsibility ("**OPR**"). The OPR imposes disciplinary sanctions for violations of the standards of practice in Circular 230. Those sanctions include disbarment from practice before the IRS, suspension form practice before the IRS, censure in practice before the IRS, and monetary penalties.

31. Several years after Clear Creek began doing business as a tax resolution firm, the IRS conducted an audit of Clear Creek to determine whether it had been operating its business

representing taxpayers before the IRS in compliance with Circular 230. Other than requesting that Clear Creek place revoked Form 2848s on the outside of client files rather than on the inside, the IRS had no criticisms of the way in which Clear Creek had been representing taxpayers before the IRS.

### The UPL Committee's attempt to regulate Clear Creek's practice before the IRS

32. In or about March, 2016, the UPL Committee, pursuant to Chapter 19 of the Colorado Rules of Civil Procedure, in particular Rule 232.5, launched an investigation regarding whether Clear Creek was engaging in the unauthorized practice of law.

33. Incident to that investigation, which was assigned Case No. 16UPL003, the UPL Committee, through the OARC, sent a letter dated March 21, 2016, marked certified mail, return receipt requested, which advised Clear Creek that it had commenced an investigation regarding whether Clear Creek was engaging in the unauthorized practice of law. According to the letter, the investigation had been commenced at the request of a disgruntled former employee of Clear Creek. The letter directed Clear Creek to provide information and documents regarding its tax resolution business, including "the names of all people directly engaged in the authorized activities described in Circular No. 230" and of those people, "how many are enrolled agents, CPAs, or lawyers."

34. Clear Creek engaged counsel to represent it in the investigation commenced by the UPL Committee, responded to its demand for information and documents, and otherwise fully cooperated in the UPL Committee's investigation.

35. In late July 2016, the OARC, on behalf of the UPL Committee, sent a proposed Agreement Pursuant to C.R.C.P. 232.5(d)(3) to Refrain from Unauthorized Practice of Law

between Clear Creek, its two principals, Chris Markwell ("**Markwell**") and Brandon Cope ("**Cope**") (collectively, the "**Respondents**"), and the UPL Committee (the "**UPL Agreement**"). In the UPL Agreement, the UPL Committee proposed, among other things, that Clear Creek agree that "it is not licensed as an attorney in the State of Colorado" and that it "engaged in the unauthorized practice [of law] by holding itself out on its website and through telephone solicitations as authorized to purvey the services of lawyers to represent taxpayers before the IRS". The UPL Agreement further provided that "[i]n exchange for the Respondents' agreement not to further engage in the unauthorized practice of law" and other agreements, including "Clear Creek's agreement to require any licensed lawyers it employs to apply for, test for, become enrolled as, and practice as enrolled agents, pursuant to Circular 230, 31 C.F.R. § 10.0, *et seq.*"

36. It is not a simple process for an attorney to become an enrolled agent. The attorney must first obtain a Preparer Tax Identification Number ("**PTIN**"), then apply to take a three-part, Special Enrollment Examination ("**SEE**") test, study for and take all three parts of the SEE test, achieve passing scores on all three parts of the SEE, apply for enrollment and pay enrollment fee, and pass a tax compliance check to ensure that the attorney has filed all necessary tax returns and has no outstanding tax liabilities. After becoming an enrolled agent, one must thereafter renew one's status as an enrolled agent every three years, take continuing education courses, and renew one's PTIN annually. The entire process of becoming an enrolled agent can take a year or more to complete.

37. It was important to Clear Creek, Markwell, and Cope that the UPL Agreement allow Clear Creek sufficient time to have its attorneys become enrolled agents.

38. However, OARC changed its mind about the UPL Agreement. On or about September 9, 2016, the OARC advised counsel for Clear Creek that the UPL Committee had met and approved the filing of a formal complaint against Clear Creek seeking a civil injunction for its alleged unauthorized practice of law by representing taxpayers before the IRS. When asked about the proposed UPL Agreement, OARC advised Clear Creek's counsel that when the OARC learned that it could take up to a year or more for an attorney to become an enrolled agent, it decided that the proposed UPL Agreement was "unworkable."

39. Several days later, the other shoe dropped. Separately, the OARC had been pursuing attorney discipline investigations of several attorneys employed by Clear Creek regarding whether they were violating the Colorado Rules of Professional Conduct by, among other things, assisting Clear Creek in engaging in the unauthorized practice of law, sharing legal fees with a nonlawyer, providing legal services through professional company owned by nonlawyers, failing to deposit "legal fees" in a trust account, and improper solicitation of legal services. On or about September 13, 2016, counsel for Clear Creek was advised by the OARC that it was taking the position that if the Clear Creek attorney whom he was also representing did not terminate his employment with Clear Creek, OARC would seek to bring formal attorney discipline charges against him. Otherwise OARC would offer that the Clear Creek attorney execute a "diversion agreement," which is not a form of discipline but would have the effect of preventing him from practicing before the IRS with any tax resolution company, not just Clear Creek.

## CLAIMS FOR RELIEF

### Count I – Declaratory Judgment

40. Clear Creek incorporates by reference the allegations in paragraphs 1though 39 of this Complaint as if fully restated herein.

41. An actual controversy exists between Clear Creek and the Defendants in their capacity as the members of the UPL Committee regarding whether Clear Creek's representation of taxpayers before the IRS is subject to the exclusive regulation of the IRS pursuant to Circular 230 or whether Clear Creek's representation of taxpayers before the IRS is subject to regulation by the UPL Committee pursuant to Chapter 19 of the C.R.C.P.

42. Pursuant to 28 U.S.C. § 2201, and under the doctrines of both field and conflict preemption, Clear Creek prays the Court to enter a declaratory judgment that Clear Creek's representation of taxpayers before the IRS is subject to the exclusive regulation of the IRS pursuant to Circular 230 and that the UPL does not have jurisdiction to regulate Clear Creek's representation of taxpayers before the IRS.

43. In the alternative, Clear Creek prays that the Court enter a declaratory judgment that Clear Creek's representation of taxpayers before the IRS through attorneys employed by Clear Creek does not constitute the unauthorized practice of law.

### Count II – Injunctive Relief

44. Clear Creek incorporates by reference the allegations in paragraphs 1though 43 of this Complaint as if fully restated herein.

45. The UPL Committee's effort to obtain civil injunctive relief against Clear Creek on the ground that its representation of taxpayers before the IRS through attorneys employed by

Clear Creek constitutes the unauthorized practice of law is a threat to Clear Creek's continued viability as on ongoing business entity.  It also threatens the continued employment of not only the attorneys employed by Clear Creek but all 120 of Clear Creek's employees.  Moreover, since virtually all of the tax resolution firms based in Colorado employ attorneys to represent taxpayers before the IRS, the Defendants' actions as members of the UPL Committee threaten the ongoing viability of the entire tax resolution industry.  If Clear Creek cannot represent taxpayers before the IRS through attorneys employed by Clear Creek, then none of the other tax resolution firms based in Colorado can represent taxpayers before the IRS through attorneys.

46.     Therefore, under the doctrines of both field and conflict preemption, Clear Creek prays the Court to permanently enjoin the Defendants from commencing or maintaining civil injunction proceedings aimed at preventing Clear Creek from representing taxpayers before the IRS through attorneys employed by Clear Creek as authorized by Circular 230.

## PRAYER FOR RELIEF

WHEREFORE, Clear Creek respectfully requests the Court to award it the following relief:

a. A declaratory judgment that Clear Creek's representation of taxpayers before the IRS is subject to the exclusive regulation of the IRS pursuant to Circular 230 and that the UPL does not have jurisdiction to regulate Clear Creek's representation of taxpayers before the IRS;

b. In the alternative, a declaratory judgment that Clear Creek's representation of taxpayers before the IRS through attorneys employed by Clear Creek does not constitute the unauthorized practice of law;

c. Permanently enjoining the Defendants from commencing or maintaining civil injunction proceedings aimed at preventing Clear Creek from representing taxpayers before the IRS through attorneys employed by Clear Creek as authorized by Circular 230; and

d. Such other and further relief as the Court may deem just and proper.

Dated:  September 16, 2016　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　By:  s/ *John Cardinal Parks*
　　　　　　　　　　　　　　　　　　John Cardinal Parks
　　　　　　　　　　　　　　　　　　LEWIS BRISBOIS BISGAARD & SMITH LLP
　　　　　　　　　　　　　　　　　　1700 Lincoln Street, Suite 4000
　　　　　　　　　　　　　　　　　　Denver, Colorado 80203
　　　　　　　　　　　　　　　　　　Telephone:  303.861.7760
　　　　　　　　　　　　　　　　　　Fax:  303.861.7767
　　　　　　　　　　　　　　　　　　E-Mail:  john.parks@lewisbrisbois.com

　　　　　　　　　　　　　　　　　　Attorney for Clear Creek Consulting, Inc.

Plaintiff's Address:
Clear Creek Consulting, Inc.
285 Century Place, #200
Louisville, CO 80027